JUSTICE GRAY
dissenting.
I respectfully dissent from the Court’s opinion. While I agree that § 40-4-219, MCA, applies to this petition to modify custody, I disagree that the jurisdictional requisites of that statute were met here. It is clear that, in resolving this case, the District Court believed that § 40-4-212, MCA, applied; it did add several findings directed to the § 40-4-219, MCA, standards, but those findings are somewhat nebulous and, to some extent, unsupported by the record. Because of the confusion over the applicable standard and the nature and content of the court’s findings as they relate to § 40-4-219, MCA, I would remand this case to the District Court for redetermination.
At the outset, it is important to note that Terry filed his petition for modification prior to Rebecca’s move to Virginia. The basis for the petition was the upcoming move. Any “changed circumstance” necessary as a foundation for a total change of the children’s physical custody was met, in Terry’s view, by the move itself. The District Court apparently agreed, finding that “this travel does represent a substantial change in the circumstances of the children.” I disagree.
*364 While changing the state of residence of the children may provide a sufficient foundation to modify visitation rights and associated costs, it is my view that such a change does not, in and of itself, meet the substantial change in circumstances requirement of § 40-4-419, MCA. It is not for the courts of Montana to negate a custodial parent’s decision about where to live with her children; only where those decisions produce an otherwise substantial change in circumstances can such a factor impact on a court’s decision to modify physical custody of the children.
Nor does the record support the notion that the children’s living circumstances were significantly changed in an adverse manner by the move. The fact is that Rebecca, her husband and the children lived in near poverty during their time in Havre. Rebecca’s unemployment outside the home and motherhood of five children certainly did not change after the move, and the same is true of her husband’s underemployment.
Moreover, the District Court’s efforts to make findings sufficient to establish the serious endangerment standard contained in § 40-4-219, MCA, are not supported by the record. It is true that money was scarce, as it had been in Havre. It is also true that housing in Virginia was unlikely to be stable, as was also the case in Havre. It is also true that the children were sleeping on a mattress on the floor awaiting the family’s furniture. These matters do not constitute serious endangerment. j
Indeed, the court made findings which negate the serious endangerment standard. It found that the children were physically healthy. It also found that, after an initial period of adaptation to their new school, the children had perfect attendance records and good grades.
It is my view that the District Court’s lengthy pronouncements about the dangers of kerosene heaters, which even this Court concedes were inappropriate as being totally unsupported by any evidence, significantly and improperly influenced its approach to the serious endangerment standard of § 40-4-219, MCA. Without those pronouncements and the court’s clearly substantial concern in that regard, there is little evidence to support the court’s serious endangerment conclusion.
I would remand to the District Court for a redetermination of the petition to modify custody based on application of § 40-4-219, MCA.